**FOR PUBLICATION**

```
            DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| SHORN JOSEPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2011-83 |
| | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| LEGISLATURE OF THE VIRGIN ISLANDS, and | ) |
| RONALD E. RUSSELL, in his individual | ) |
| and official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

A󰁔󰁔󰁏󰁒󰁎󰁅󰁙󰁓:

**Christopher Allen Kroblin, Esq.**
**Shari N. D'Andrade**
Kellerhals Ferguson Fletcher Kroblin LLP
St. Thomas, VI
    *For the plaintiff*

**Kye Walker, Esq.**
The Walker Legal Group
St. Thomas, VI
    *For the defendants*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, Shorn Joseph, for attorneys' fees and costs.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an employment dispute between the plaintiff, Shorn Joseph ("Joseph"), and the defendants, the Government of the Virgin Islands (the "Government"), the Legislature of the Virgin Islands (the "Legislature"), and

former Virgin Islands Senator Ronald E. Russell ("Russell") (collectively, the "Virgin Islands").

In July, 2007, Joseph began working for the Legislature as assistant legal counsel. During the course of his employment, he also held a position as a Judge Advocate General in the United States Army Reserves.

On October 5, 2010, Joseph was ordered to begin training for active military service. The training was to take place in three phases. Joseph notified the Legislature of his orders. Nonetheless, on February 9, 2011, while in the midst of the third phase of his training, Joseph was terminated from his position with the Legislature.

Joseph initiated this action on July 5, 2011, in the Superior Court of the Virgin Islands (the "Superior Court"). His complaint asserted, among other claims, that his termination violated the Uniformed Service Employment and Reemployment Rights Act ("USERRA"). The USERRA is a federal statute which prohibits any employer from denying an employee a benefit of employment on the basis of that employee's membership in the uniformed services. 38 U.S.C. §§ 4304(4), 4311.

On August 2, 2011, the Virgin Islands removed this case from the Superior Court to this Court. The asserted basis for the exercise of this Court's jurisdiction was that Joseph's

USERRA claim presented a substantial federal question. (*See* Notice of Removal at 1.)

On March 2, 2012, the Court, *sua sponte*, ordered the parties to brief the issue of whether the Court did indeed have federal-question jurisdiction. Curiously, in response, Joseph argued that this Court did have jurisdiction, while the Virgin Islands maintained that the USERRA required that this matter be returned to the Superior Court.

Thereafter, on March 16, 2012, the Court remanded this case to the Superior Court, finding that the USERRA carved out an exception to this Court's usual federal-question jurisdiction, by requiring claims brought under the USERRA by private parties against State employers to be litigated in state court.

Joseph now seeks an award of the attorneys' fees and costs it expended as a result of the removal, pursuant to Title 28, Section 1447(c) of the United States Code ("Section 1447(c)"). The Virgin Islands opposes the motion.

## II. DISCUSSION

If a case is removed only to be subsequently remanded for lack of subject-matter jurisdiction, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

### III. ANALYSIS

Joseph argues that the Virgin Islands lacked an objectively reasonable basis for removal because the USERRA requires private claims brought against state employers to be brought in state courts.

The objective reasonableness standard does not require a showing that the defendant's position was "frivolous" or "without foundation." *Martin*, 546 U.S. at 138-39 (rejecting these formulations). Although the Supreme Court has not offered a precise definition of "objective reasonableness," lower courts have looked to "the clarity of the law at the time the notice of removal was filed." *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007). Several Courts of Appeal have borrowed the test from the qualified-immunity doctrine, and held that "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott*, 492 F.3d at 793; *see Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (applying standard

articulated in *Lott*); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (discussing *Lott* with approval); *see also First American Title Insurance Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64 (3d Cir. 2010) (holding that removal was objectively reasonable even though defendants were citizens of the same state, when removing defendant had colorable argument that codefendant's interests were aligned with plaintiff because it was only named in the case as a potential indemnitor of the plaintiff).

Law is clearly established when there is either "controlling authority in the[] jurisdiction," *Wilson v. Layne*, 526 U.S. 603, 617 (1999), or a "robust 'consensus of cases of persuasive authority,' " *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011) (quoting *Wilson*, 526 U.S. at 617). Creating such a consensus requires more than mere agreement among various district courts. *See Lott v. Pfizer*, 492 F.3d at 792 ("District court decisions . . . do not render the law clearly established"). Even when there is widespread agreement among the courts of appeal, "the operation of the 'clearly established' standard depends substantially upon the level of generality at which the relevant legal rule is defined." *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002)

For example, in *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002), at issue was whether a state could be liable

for private violence when the state played some role in creating the risk of harm. The Court of Appeals for the Fifth Circuit noted that at the time of the relevant conduct, neither it nor the Supreme Court had suggested such liability might exist. However, six other circuit courts had sanctioned such liability, and no circuit-court had rejected such a theory. The Fifth Circuit held that these decisions evidence a consensus that such liability might exist. Yet they diverged in substantial ways about the specific nature of such liability--for example, the required mental state. The court thus concluded that "while a number of our sister circuits had accepted some version of the state-created danger theory . . . , given the inconsistencies and uncertainties within this alleged consensus of authorities, an officer acting within the jurisdiction of this court could not possibly have assessed whether his or her conduct violated this right . . . ." *Id.* at 305 F.3d at 332.

Here, at the time of removal, there was no controlling authority in the Third Circuit addressing whether a federal court has jurisdiction of a USERRA claim brought by a private party against a state. Indeed, while arguably persuasive, it is not controlling that four courts of appeals for other circuits had found that such jurisdiction lay exclusively with the state courts. *Wood v. Florida Atlantic Univ. Bd. of Trustees*, 432 F. App'x 812, 815 (11th Cir. 2011) ("The text of USERRA has been

interpreted to mean that jurisdiction to entertain private USERRA suits against state employers lies exclusively in state court.") *McIntosh v. Partridge*, 540 F.3d 315, 321 (5th Cir. 2008) ("USERRA's jurisdictional statute provides that in 'an action against a State (as an employer) by a person, the action may be brought in a State court.' 38 U.S.C. § 4323(b)(2). . . . This language provides no indication that Congress intended for these cases to be brought in federal court."); *Velasquez v. Frapwell*, 165 F.3d 593 (7th Cir. 1999) (holding, "Congress's intention to limit USERRA suits against states to state courts is unmistakable"); *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) ("[W]e conclude that the district court correctly dismissed Townsend's suit against the State for lack of subject matter jurisdiction . . . 'Congress's intention to limit USERRA suits against states to state courts is unmistakable.'" (quoting *Velasquez v. Frapwell*, 165 F.3d 593 (7th Cir. 1999)))

Although there was an emerging consensus at the time of removal, this was not the sort of relatively long-standing and widespread consensus present in *McClendon. See* 305 F.3d at 330 (collecting cases from six different courts of appeals, some decided over a decade prior to the conduct at issue). The majority of Circuit Court opinions on the issue of jurisdiction for private USERRA actions against state employers were issued

less than three years before the removal. Indeed, the Eleventh Circuit's unpublished opinion on this subject was issued less than two months before the notice of removal was filed in this case. *See Wood v. Florida Atlantic Univ. Bd. of Trustees*, 432 F. App'x 812 (11th Cir. June 23, 2011).

Further, the statute itself lacks the clarity of the appellate-court opinions which have interpreted it. The USERRA's jurisdictional section provides, in pertinent part:

> (1) In the case of an action against a State . . . or a private employer commenced by the United States, the district courts shall have jurisdiction over the action.
>
> (2) In the case of an action against a State . . . by a person, the action may be brought in a State court of competent jurisdiction . . . .
>
> (3) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

38 U.S.C. § 4323(b) ("Section 4323(b)"). Significantly, subsection (b)(2) uses the word "may," in contradistinction to the word "shall" used in the other jurisdictional provisions. "May" is commonly defined to mean "[t]o be permitted to." BLACK'S LAW DICTIONARY (3d ed. 2009). It is certainly true that "In dozens of cases, courts have held *may* to be synonymous with *shall* or *must*, usu[ally] in an effort to effectuate legislative intent." *Id.* Yet, it is at least somewhat peculiar to see courts so

interpret "may" when it is used in a provision which also employs the world "shall."[1]

The Court does not mean to express doubts about the several Courts of Appeals interpretations of USERRA; indeed, it has already adopted this interpretation in this very case. However, the Court is unpersuaded that, at the time of removal, a smattering of very recent cases created a truly "robust consensus of cases of persuasive authority." *Al-Kidd*, 131 S. Ct. at 2084 (internal quotation marks omitted). Moreover, the statute itself has at least a facial ambiguity. The "may" only becomes a "shall" after the counterintuitive application of an interpretive canon stemming from the doctrine of sovereign immunity.[2] Accordingly, the Court finds that, at the time of removal, the meaning of Section 4323(b)(2) was not clearly

---

[1] The Court notes that Joseph advanced precisely this argument prior to the Court's remand of this matter. (Joseph's Mar. 9, 2012, Resp. to Court's Order, at 2 ("[T]he permissive language of 'may' in the statute cannot be reasonably read to exclude jurisdiction of the Federal Courts . . . .")).

[2] The process by which a "may" becomes a "shall" is somewhat convoluted, but the Court shall briefly explain for the sake of clarity. The doctrine of sovereign immunity protects a state from, among other things, being sued in federal court. "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985). In other words, "Congress must affirmatively and clearly grant jurisdiction to federal courts to abrogate state sovereign immunity." *McIntosh*, 540 F.3d at 321. Because USERRA fails to do so, subsection (b)(2)'s "may" is read as a "shall."

established. The removal of this action was therefore not objectively unreasonable.[3]

An appropriate order follows.

```
                              S_____
                                CURTIS V. GÓMEZ
                                  Chief Judge
```

---

[3] Joseph makes much of the fact that, after the Court ordered briefing on the issue, the Virgin Islands adopted the position that this Court lacked jurisdiction, despite previously initiating the removal. This fact is ultimately beside the point. The determinative inquiry is whether the relevant law was clearly established at the time of removal, which it was not. Joseph has not suggested that, prior to removal the Virgin Islands was aware of the persuasive authority suggesting jurisdiction over this action lay in the state courts.